■ In the Matter of Jose Vazquez, Appellant, v Brion Travis, as Chairman of the New York State Division of Parole, et al., Respondents. [692 NYS2d 478] —Appeal from a judgment of the Supreme Court (Canfield, J.), entered August 13, 1998 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for lack of personal jurisdiction.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding principally challenging a determination denying him parole release status. Supreme Court dismissed the proceeding on the ground of lack of personal jurisdiction and we affirm. While it is true that procedural requirements for obtaining jurisdiction may be relaxed in cases where "imprison-

ment presents obstacles to service that are beyond an inmate's power to control" (*Matter of Hoyer v Coughlin*, 179 AD2d 921), petitioner presents nothing before this Court that would support a conclusion that he was not capable of satisfying the applicable procedural requirements (*see, Matter of Kinzer v Executive Dept.—Div. of Parole*, 255 AD2d 860). Thus, because petitioner failed to serve respondents and the Attorney General in accordance with the relaxed service directives set forth in the order to show cause, the petition was properly dismissed (*see, Matter of Russo v Goord*, 251 AD2d 835).

Cardona, P. J., Mikoll, Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.